Shirley A. McBRIDE

v.

**LOYOLA UNIVERSITY OF CHICAGO.**

**No. 91 C 3932.**

United States District Court,
N.D. Illinois.

Oct. 15, 1991.

Cyriac D. Kappil, John F. O'Meara, Chicago, Ill., for plaintiff.

Stephen D. Erf, Erik F. Dyhrkopp, McDermott, Will & Emery, Jill Rappis,

Loyola University of Chicago, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Shirley McBride, a black woman, has brought suit against Loyola University of Chicago ("Loyola"). She claims that the hospital operated by Loyola and located in Maywood, Illinois discriminated against her on the basis of race by suspending and terminating her when similarly situated white employees were not. Loyola allegedly suspended her for insubordination and discharged her for excessive absenteeism even though it did not suspend similarly situated white employees or terminate white employees who had engaged in the same conduct. McBride claims a violation of 42 U.S.C. § 1981 in Count Two of the complaint, based on her termination allegations. Loyola moves to dismiss that count. It contends that her § 1981 claim is barred by the Supreme Court's decision in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). The court must agree.

42 U.S.C. § 1981 forbids discrimination in the making and enforcement of contracts. In *Patterson*, the Supreme Court read the section's prohibition narrowly: "Section 1981 cannot be construed as a general proscription of racial discrimination in all aspects of contract relations, for it expressly prohibits discrimination only in the making and enforcement of contracts." *Id.* 109 S.Ct. at 2372. Its prohibition against discrimination in the making of a contract only applies to "the refusal [when based on race] to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms." *Id.* Its prohibition against discrimination in the enforcement of a contract only extends to discrimination that "infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race ... [and] wholly *private* efforts to impede access to the courts or obstruct non-judicial methods of adjudicating disputes...." *Id.* 109 S.Ct. at 2373.

Here, the conduct that Loyola allegedly engaged in did not occur during the formation of the contract. Loyola, in fact, hired McBride as a phlebotomist on August 13, 1979. Nor does the alleged conduct involve enforcement of the contract. McBride does not claim, for instance, that Loyola terminated her in retaliation for efforts on her part to start judicial proceedings or non-judicial proceedings to enforce contract entitlements. Rather, McBride is alleging conduct related to the terms and conditions of her employment. That type of conduct cannot be attacked under § 1981. *Sofferin v. American Airlines, Inc.*, 923 F.2d 552, 560 (7th Cir.1991); *Allensworth v. General Motors Corp.*, 945 F.2d 174, 178–79 (7th Cir.1991). The court, therefore, grants Loyola's motion to dismiss the 42 U.S.C. § 1981 claim. Count Two of McBride's complaint is dismissed.

IT IS SO ORDERED.